

United States District Court

Western District Of Louisiana

Lafayette Division

Mark Hanna                    Civil Action No.

Versus

United States of America

Complaint

( 1 )

The Defendant is hereby sued on a claim asserted in the Federal Tort Claims Act [FTCA] for damages, courtcosts and attorney's fees in the amount demanded in the complaint.

( 2 )

The Plaintiff is Mark Hanna, a resident of Lake Charles, Louisiana.

( 3 )

The Defendant is the United States of America.

- 1 . 1 -

( 4 )

On December 4th and 7th, 2015, I appeared at OMVs
( Offices of Motor Vehicles ) in Ruston and Shreveport,
Louisiana, with $975.00 cash in-hand for reinstate-
ment of my Louisiana motor vehicle operator's license
[license] which had been blocked in the OMV in pur-
suance of Louisiana RS [Revised Statute] 32 °
863 of the Louisiana Motor Vehicle Safety
Responsibility Law for alleged lapses in my
automotive insurance coverage [coverage]. Prior
to that date I had filed a petition for judicial
review of the imposed reinstatement fees in
the 3d Judicial District Court of Louisiana,
Civil Action No. 57919. During those appearances
the OMV field officers told me that my license
would not be reinstated and my cash payment
would be declined in response to the petition
for judicial review [No. 57919]. During the

DEcember 7th appearance in Shreveport an OMV field officer gave me a printed OMV report which stated, "Our records indicate there is a petition filed against the department on your behalf. You may need to contact your attorney prior to reinstatement", as the reason why my license would not be reinstated and my cash payment would be declined.

(5)

I owed no fines or fees for traffic citations or for failures to appear when I applied for reistatement on December 4th and 7th, 2015.

(6)

I filed suit in the UNited States District Court for the Western District of Louisiana, Monroe Division, on December 18, 2015, asserting retaliation and breach of due process of law claims in Title 42 USC, Section 1983 [1983]. Doc 1 [district court record in the civil action, 15-2851].

(7)

On August 9, 2016, the district court deputy clerk, "S. Crick", through a docket sheet entry he/she made [Doc 18], mistakenly instructed that the Defendants, James LeBlanc, Secretary of the Louisiana Department of Public Safety and Corrections; Louisiana Department of Public Safety and Corrections [DOC]; and Louisiana Office of Motor Vehicles [OMV], State employees sued in 1983 [the state agencies were named only for identity of interest purposes], would be given sixty [60] days within which to respond to the summonses served giving only twenty-one days for it. THat deputy clerk [and no others] made no effort to notify me of the development.

(8)

On November 4th and 7th, 2016 [Docs 33 and 35], in response to the

-2-

Defendants' motions for dismissal of the complaint [Docs 20 and 24, filed October 3, 2016, the sixtieth day per the Doc 18 error instruction] with thirty [30] days remaining inside the statute of limitations for doing so, I filed the motion to amend for joining as defendants to the litigation the OMV field  officers and supervisors [Doe-named Defendants]. Averments 24, 25, and 26, Doc 33, 15-2851.

(9)

Subsequently, the court rejected my motion to amend, applying a futility of amendment doctrine [chronilogic futility], giving repose to the Doe-named Defendants in a statute of limitations, Article 3492, Louisiana Civil Code. Docs 44, 93, and 116, 15-2851.

(10)

Those thirty-nine days the Doe-named Defendants gained in the deputy clerk of court's Doc 18 error instruction provided the Doe-named Defendants with an avenue of escape from liability that was not otherwise availible to them in law. But-for application of the futility of amendment doctrine of law made availible in the deputy clerk of court's error instruction, the Doe-named Defendants would not have escaped liability without a trial.

(11)

Evidence apparent of the record in the case [15-2851] indicates that "S.Crick", Deputy Clerk of Court in the Western District of the United States District Court, Louisiana, negligently misinterpreted the complaint and/or the summonses served and/or he/she misapprehended the law governing civil actions litigated in the federal courts [see, e.g., Rule 12(b)(1)(A), Fed.R.Civ.P.], for the mistaken belief that I had sued United States government employees. See, e.g., Docs 78, 80, and 92, 15-2851, referencing, "Summonses returned as to USA

-3-

by Mark Hanna". Or the deputy clerk mistakenly believed that the OMV/DOC Defendants had waived service of process. See, e.g., Rule 12(b)(1)(A)(ii), Fed.R.Civ.P..

(12)

Article 2315 of the Louisiana Civil Code provides for liability in damages to an injured party for a tortfeasor's failure to observe a reasonable degree of care in given cases.

(13)

Legal Malpractice is an extension of tortfeasor liability contemplated in Article 2315. Forfeiture or destruction of a viable claim [i.e., a constitutional tort claim asserted in 1983] through a lapse in a statute of limitations falls "...within the class of reasonably foreseeable hazards that the duty [of care] exists to prevent...", Sanchez v. State of New York, 99 N.Y. 247, 252 (N.Y. 2002), relevant to an attorney or paralegal undertaking to protect or harvest a viable claim on behalf of a client.

(14)

A viable claim for legal malpractice would form in breaching the duty of care implicated in this context.

(15)

A deputy clerk of court assumes an equivalent or similar duty of care to the parties in civil actions who rely on them to correctly observe the rules of court and/or to correctly observe the government entities of the defendants served with process and/or to immediately notify the plaintiffs when service of process has been completed with advisement of the correct reponse dates to the defendants.

−4−

(16)

Foreiture or destruction of a viable claim through a lapse in a sta-
tute of limitations also falls within the class of reasonably fore-
seeable hazards that a deputy clerk of court's duty exists to prevent.

(17)

Regarding the common law relationship that existed between myself
and the deputy clerk of court, "S. Crick" [and as an extension of
Article 2315], a breach of the duty of care owed to a plaintiff in
this context is sufficient to form a viable claim in the FTCA for
holding the Defendant, USA, liable through respondeat superior.

(18)

In the Civil Action, 15-2851, I attempted to hold liable the Doe-
named OMV/DOC field officers/supervisors [and a DOC Headquarters
supervisor or James LeBlanc in his named person]; the Headquarters
personnel tortfeasors with James LeBlanc having escaped liability
through another way.

(19)

Through the forfeiture  or destruction of the claim I had asserted
in the Civil Action, No. 15-2851, where I had sought to recover
$96,000.00 in damages [divided evenly among those three tortfeasor
individuals], I have incurred $64,000.00 in  damages tracable to the
deputy clerk of court's Doc 18 error instruction with escape from
liablity the Doe-named Defendands [Docs 24, 25, and 26, 15-2851].

(20)

On a theory of respondeat superior, codified in Title 28 USC, Sec-
tion 1346(B), the USA is liable to me in damages on the foregoing
explanation, of $64,000.00.

-5-

(21)

It should be noted that the claim I asserted in 15-2851 was not
made while I was incarcerated; hence it was not a case controlled
in a prison litigation reform act or susceptable to elimination
of the prospect of recovery of compensatory damages for mental or
emotional harm which I had intended to recover. Those damages ini-
tially occured before I became incarcerated and have now become a
liability of the Defendant, USA, for Article III resolution in the
FTCA.

(22)

As related in the claim I had asserted in the Civil Action, 15-2851,
and judicially admitted on the part of Defendant James LeBlanc,
etal, there, in response to a petition I filed for judicial review
of the reinstatement fees imposed in La. RS32:863 of the Louisiana
Motor Vehicle Safety Respaonsibility Law, my license was defacto
revoked in the OMV/DOC [classic retaliation in federal law], with
no indication that my license would ever be restored to me during my
lifetime. It remains defacto revoked.

(23)

In the path of those developments I was sometimes compelled to con-
tinue in operation of my motor vehicle [but not without coverage]
on the highways of our state with continuous hazard of arrest and/or
traffic citation [which actually did occur on Januray 5, 2016, in
DeSoto Parish, Louisiana; Case No. 16-CR-17151, where I was arrested
and my vehicle was impounded]. I was at other times immobilized and
stranded, but for no lawful reason; at all times knowing that the
OMV/DOC had made me the rightless victim of their immenence, bann-
ished on the outskirts of society, where the OMV/DOC had made them-

-6-

selves a lawless arbiter of my driving privilage, mingled with the
hazard of my arrest and possible parole revocation in the path of it
---I experienced much acute anxiety, frustation, bewilderment, and
consternation.

(24)

The Civil Action, No. 15-2851, was dismissed in the United States
District Court on May 18, 2017. The appeal, No. 17-30457, from that
decision  was denied in the United States Court of Appeals for the
Fifth Circuit on December 12, 2017. The Petition For Rehearing from
that decision was denied there on February 7, 2018. The Petition
For Writ Of Certiorari, No. 18-7136, was denied in the United States
Supreme Court on February 25, 2019. The Petition For Rehearing on
the denied Petition For Writ Of Certiorari was denied there on June
3, 2019.

(25)

Had either one of those avenues of relief succeeded in getting the
dismissal of 15-2851 reversed, the Doe-named OMV/DOC field officers
/supervisors would have been tried on the civil rights violations
asserted in the case.

(26)

On October 9, 2018, the United States Attorney General, Jeff Sessions,
was served with the "Notice Of Claim Asserted In Federal Tort Claim
Act", by United States Postal Service mail, Certified [Registered],
Return Reciept Requested, No. 7018 0360 0001 8215 0149, delivered at
5:01 PM.

(27)

In pursuance of Title 28 USC, Section 2675(b), I have exhausted the
administrative remedy required in law for continuance on the claim

asserted in the Complaint under the Federal Tort Claims Act, Title 28 USC, Section 1346 (b).

( 28 )

Again, on August 13, 2019, the United States Attorney General, Jeff Sessions, was served with the "Notice Of Claim Asserted In Federal Tort Claim Act" [Notice of Claim] by United States Postal Service mail, Certified [Registered], Return Receipt Requested, No. 7015 1710 0001 3408 4679.

( 29 )

On August 7, 2019, I filed the federal tort claim [the claim] in the United States District Court, Middle District of Louisiana, Civil Action No. 19-cv-511. On September 9, 2019, that court sua sponte transferred the claim to the United States District Court, Western District of Louisiana, Monroe Division, Civil Action No. 19-cv-1054. On September 4, 2019, I caused the claim to be dismissed without prejudice.

( 30 )

On September 30, 2019, I refiled the claim in the United States District Court, Eastern District of Louisiana, No. 19-cv-12436. On January 6, 2020, that court [not sua sponte] transferred the claim to the United States District Court, Western District of Louisiana, Shreveport Division, No. 20-cv-20.

( 31 )

On April 21, 2020, I was served with notice by the United States Attorney Generals' Office, Hope L. Swann, that on April 15, 2020, it was served with the Notice of Claim and that it would forward it to the Administrative Office of the United States Courts for processing. According to that notice the DOJ recieved the Notice of Claim on August 12, 2019.

( 32 )

On October 2, 2020, the claim was dismissed without prejudice.

( 33 )

I was not served with an administrative decision on the Notice of Claim within six months after the DOJ [Hope L. Swann] said it would cause it to be forwarded to the the Administrative Office of the United States Courts.

( 34 )

A copy of the Notice of Claim is attached [Exhibit - A], together with a copy of the letter I was served with by the Attorney Generals' Office [Exhibit - B].

( 35 )

Wherefore, in relation to the FTCA claim asserted in the Complaint, I pray for the Relief:

(a) $64,000.00 in compensatory damages awarded to me;

(b) A trial in an Article III court to litigate the claim and to award/resolve damages.

Respectfully,

Mark Hanna

Mark Hanna
Mark Hanna 152872
EHCC
P. O. Box 174
St. Gabriel, LA
70776