## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF LOUISIANA
## LAKE CHARLES DIVISION

| | | |
|---|---|---|
| **MARK HANNA** | : | **DOCKET NO. 2:20-cv-1502** |
| | | **SECTION P** |
| **VERSUS** | : | **JUDGE TERRY A. DOUGHTY** |
| **USA** | : | **MAGISTRATE JUDGE KAY** |

## REPORT AND RECOMMENDATION

Before the Court is a complaint [doc. 1] filed pursuant to the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 2671 *et seq.*, by Mark Hanna, who is proceeding *pro se* and *in forma pauperis* in this matter.  Hanna is an inmate in the custody of the Louisiana Department of Corrections ("LDOC") and is currently incarcerated at the Elayn Hunt Correctional Center in St. Gabriel, Louisiana.  This matter has been referred to the undersigned under 28 U.S.C. § 636 and the standing orders of the court for initial review.

## I.
### BACKGROUND

Mark Hanna has filed two prior civil actions in this Court relating to the claims made in the instant suit.  The first was filed on December 18, 20105, against the Louisiana Office of Motor Vehicles ("OMV") and other defendants after they refused to reinstate his driver's license. *Hanna v. James Leblanc, et al,* Docket No. 3:15-cv-2851-EEF-KLH (W.D. La).  The court dismissed the case, the Fifth Circuit affirmed, and the Supreme Court denied a writ of certiorari.

On September 3, 2019, plaintiff filed suit pursuant to the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 2671 *et seq*, alleging that a federal deputy clerk of court, whom he identifies only as "S. Crick", on August 9, 2016 "negligently misinterpreted [Plaintiff's]

complaint" in a prior case when she gave non-federal defendants sixty (60) days to respond to Plaintiff's complaint rather than twenty-one (21). *See Hanna v. USA*, Docket No. 5:20-cv-20 (W.D. La.), at doc. 1, ¶ 11. Plaintiff alleged that "[b]ut-for… the deputy clerk of court's error instruction the Doe-named Defendants would not have escaped liability without a trial." *Id*. at ¶, 10. The United States filed a motion to dismiss, arguing that the court lacked subject matter jurisdiction because (1) Plaintiff did not timely and properly exhaust his administrative remedies before filing suit and (2) his claims fell within an exception to the FTCA for claims based upon misrepresentation or deceit. The Court focused on whether plaintiff properly presented an administrative claim before he filed suit. Plaintiff alleged that he submitted a claim in 2018 and in 2019; the court addressed each separately.

With respect to the 2018 claim, the court ultimately found that the plaintiff did not meet his burden of establishing jurisdiction based on delivery of an administrative claim to the appropriate agency in 2018 and, absent such a filing and exhaustion, the court lacked subject matter jurisdiction. The plaintiff alternatively claimed that his FTCA claim did not accrue until the Supreme Court denied his writ application in 2019 in the first suit, which gave him two years from then to present an administrative claim. See *id*. at doc. 47. He argued that his filing of an August 2019 administrative claim, which the DOJ and AO acknowledged receiving, was timely. However, at the time of filing of that suit, the claim was still under review in the AO's office. Plaintiff did not wait for a final denial or for six months to pass and, as such, the court determined that the civil action was premature and dismissed it without prejudice.

Plaintiff filed the instant suit on November 16, 2020, raising the same issues previously raised. He contends that he was not served with an administrative decision on his Notice of Claim within six months of filing and, as such, the matter is now ripe for review before this Court.

## II.
### LAW & ANALYSIS

#### A. *Frivolity Review*

Hanna has been granted leave to proceed *in forma pauperis* in this matter. Accordingly, his complaint is subject to screening under 28 U.S.C. § 1915(e)(2), which provides for *sua sponte* dismissal of the complaint or any portion thereof if the court determines that it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i)–(iii).

A complaint is frivolous if it lacks an arguable basis in law or fact. *Gonzalez v. Wyatt*, 157 F.3d 1016, 1019 (5th Cir. 1998). A complaint fails to state a claim upon which relief may be granted if it is clear the plaintiff cannot prove any set of facts in support of his claim that would entitle him to relief. *Doe v. Dallas Indep. Sch. Dist.*, 153 F.3d 211, 215 (5th Cir. 1998). When determining whether a complaint is frivolous or fails to state a claim upon which relief may be granted, the court must accept plaintiff's allegations as true. *Horton v. Cockrell*, 70 F.3d 397, 400 (5th Cir. 1995) (frivolity); *Bradley v. Puckett*, 157 F.3d 1022, 1025 (5th Cir. 1998) (failure to state a claim).

#### B. *FTCA*

The United States is immune from tort suits, except to the extent that it waives that immunity. *Gregory v. Mitchell*, 634 F.2d 199, 203 (5th Cir. 1981). One such waiver is the FTCA, 28 U.S.C. § 2671 *et seq.*, which provides the exclusive remedy for damages for injury, death, or loss of property "resulting from the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment." *Id.* at § 2679(b)(1). Accordingly, a plaintiff seeking relief under the FTCA files his tort claims directly against the

United States, rather than the individual government actor. *See Carlson v. Green*, 100 S.Ct. 1468, 1472–73 (1980) (distinguishing between an FTCA action and a *Bivens* suit). Such claims are analyzed under the law of the place where the act or omission occurred. *Sheridan v. United States*, 108 S.Ct. 2449, 2454 (1988) (citing 28 U.S.C. § 1346(b)).

The FTCA does not waive sovereign immunity for claims premised upon misrepresentation or deceit. 28 U.S.C. § 2680(h); *see also United States v. Neustadt*, 366 U.S. 696, 702 (1961) (recognizing § 2680(h) comprehends claims arising out of negligent as well as willful misrepresentation). "The FTCA's misrepresentation exception is broad: it bars any claim arising out of a misrepresentation—even if the conduct underlying the claim may also constitute a tort not barred by section 2680(h)." *Life Partners Inc. v. United States*, 650 F.3d 1026, 1032 (5th Cir. 2011) (citations omitted). The Fifth Circuit utilizes a two-step test to determine whether the misrepresentation claim is barred:

> First, we determine whether 'the chain of causation' from the alleged negligence to the injury depends upon a misrepresentation by a government agent. Or, put another way, whether 'the underlying governmental conduct essential to the plaintiff's claim can be fairly read to arise out of conduct that would establish an excepted cause of action.' We consider whether 'the focal point of the claim is negligence in the communication of (or failure to communicate) information or negligence in the performance of an operational task, with misrepresentation being merely collateral to such performance.' [The plaintiff's] choice of pleading is not controlling. Instead, 'we focus on the conduct upon which the plaintiff's claim is based.' Second, if the plaintiff's claim does depend on a misrepresentation, we must determine 'whether Congress has nonetheless waived sovereign immunity independently of the FTCA.' *Life Partners Inc.,* 650 F.3d at 1031–32 (internal citations omitted).

In summarizing the FTCA's misrepresentation exception, the Fifth Circuit has held that "the essence of an action for misrepresentation, whether negligent or intentional, is the communication of misinformation on which the recipient relies.'" *In re FEMA Trailer*

*Formaldehyde Products Liab. Litig*. (Louisiana Plaintiffs), 713 F.3d 807, 811 (5th Cir. 2013) (quoting *Block v. Neal*, 460 U.S. 289, 296 (1983).

Plaintiff alleges that on August 9, 2016, "S. Crick," Deputy Clerk of Court in the Western District of the United States District Court, Louisiana, "negligently misinterpreted" the amount of time defendants had to respond to Plaintiff's prior complaint and "made no effort to notify [Plaintiff] of the development." Doc. 1, ¶¶ 7, 11.  By doing so, the clerk "forfeit[ed] or destr[oyed] a viable claim through a lapse in a statute of limitations..." *Id*. ¶ 16.  Plaintiff, relying on the clerk's alleged misinterpretation/miscalculation of the time in which the defendants had to respond to Plaintiff's complaint, forfeited any claim for a default he would have had against the responding defendants, which ultimately enabled the defendants to "escap[e] liability. *Id*. ¶¶ 6-20.

The Court finds that the chain of causation from Plaintiff's alleged negligence clearly depends on an alleged misrepresentation by a government agent: miscalculation of a response time, as indicated on, and communicated to all parties by, the docket sheet[1], and the Plaintiff's reliance upon that miscalculation. *See Baroni v. United States*, 662 F.2d 287, 289 (5th Cir. 1981) (Affirming dismissal of FTCA claim for damages resulting "solely from the fact that the government communicated its miscalculation to the developer who relied on it, and that reliance eventually caused the plaintiffs' damages.").  Considering the broad scope of the misrepresentation exception, Plaintiff's claim regarding the deputy clerk's "misrepresentation" should be dismissed due to lack of subject matter jurisdiction.

---

[1] See Document 18

### III.
#### CONCLUSION

Accordingly,

**IT IS RECOMMENDED** that this matter be **DISMISSED** for lack of subject matter

jurisdiction.

THUS DONE AND SIGNED in Chambers this 6th day of May, 2021.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE